IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT ALBORRAN, JR., | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | CIVIL NO. 4:CV-15-877 |
| | : | |
| TREVOR WINGARD, | : | (Judge Brann) |
| | : | |
| Respondent | : | |

## **MEMORANDUM**

January 21, 2016

**Background**

Robert Alborran, Jr., an inmate presently confined at the State Correctional Institution, Somerset, Pennsylvania, (SCI-Somerset), filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254.[1]  Service of the Petition was previously ordered.

Petitioner was convicted on March 18, 2011 of burglary, criminal trespass, theft by unlawful taking, criminal conspiracy to commit robbery and terroristic threats following a jury trial in the Court of Common Pleas of York County,

---

[1] Alborran previously filed a § 2254 action with this court which he voluntarily withdrew without prejudice.

1

Pennsylvania. On August 24, 2011, Alborran was sentenced to serve an aggregate eleven (11) to twenty-two (22) year term of imprisonment. See Doc. 1, ¶ 2.

The Petitioner filed a pro se direct appeal to the Superior Court of Pennsylvania which was denied on May 16, 2012. See id., ¶ 9. According to Alborran, a further appeal to the Pennsylvania Supreme Court was not pursued.

On June 17, 2013, Alborran filed a pro se petition pursuant to Pennsylvania's Post Conviction Relief Act (PCRA).[2] Following appointment of counsel, the filing of an amended petition, and an evidentiary hearing, the trial court issued an Order denying relief on October 22, 2013. See id. at ¶ 11. Following that decision, Petitioner filed an appeal on June 22, 2009. The Superior Court affirmed the denial of PCRA relief on December 22, 2014. A further appeal was not taken.

Petitioner's pending action seeks relief on the grounds that: 1) he received ineffective assistance of trial counsel; 2) a delay in sentencing violated his due

---

[2] See 42 Pa. Cons. Stat. Ann. § 9541 et seq. The PCRA "permits motions for post-conviction collateral relief for allegations of error, including ineffective assistance of counsel, unlawfully induced guilty pleas, improper obstruction of rights to appeal by Commonwealth officials, and violation of constitutional provisions." Hankins v. Fulcomer, 941 F.2d 246, 251 (3d Cir. 1991).

process rights; and 3) the trial court erred by denying Petitioner the opportunity to speak at his sentencing.  The Petition acknowledges that some of the pending arguments for relief were not fully exhausted in state court.  See id. at ¶ 13. Respondent has filed an initial response seeking to dismiss Petitioner's action as being untimely filed.[3]  See Doc. 13.

**Discussion**

In his Petition, Alborran states that "I do not believe that I have passed the one year statute of limitations."  Doc. 1, ¶ 18.  Respondent's initial argument contends that Alborran has not filed a timely habeas corpus action.  See Doc. 13. The Petitioner has not filed a reply to the request for dismissal.  Alborran's pending § 2254 petition is dated May 2, 2015,[4] and will be deemed filed as of that date.  See Houston v. Lack, 487 U.S. 266 (1988)(a prisoner's action is deemed filed at the time it is given to prison officials for mailing to the Court.

Section 2244(d) of Title 28 of the United States Code provides, in relevant part, as follows:

---

[3]  The Respondent was previously granted leave to file a supplemental response addressing the merits of the Petition within twenty-one (21)  following disposition of their request to dismiss, if necessary.

[4] See Doc. 1, p. 15.

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration for seeking such review . . .
>
> (d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

See generally, Jones v. Morton, 195 F.3d. 153, 157 (3d Cir. 1999).

Under the plain terms of § 2244(d)(1)(A), the period of time for filing a habeas corpus petition begins to run when the period for direct review expired. See Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000)("upon conclusion of direct review of a judgment of conviction, the one year period within which to file a federal habeas corpus petition commences, but the running of the period is suspended for the period when state post-conviction proceedings are pending in any state court.")(emphasis in original).

The running of limitations period is suspended for the period when properly-filed state post-conviction proceedings are pending in any state court. See Fahy v. Horn, 240 F.3d 239, 243 (3d Cir. 2001)(an untimely PCRA petition does not toll the statute of limitations for a federal habeas corpus petition); Merritt

4

v. Blaine, 326 F.3d 157, 165-66 & n. 6 (3d Cir. 2003)(federal courts are bound by state court's determination that PCRA petition was untimely and thus not "properly filed"). However, the period during which a Section 2254 applicant could have filed a petition for writ of certiorari with the United States Supreme Court from denial of an application for state post conviction or other collateral relief does not defer the commencement of the limitations period. See Lawrence v. Florida, 549 U.S. 327, 333-36 (2007).

It is additionally noted that the "one-year filing requirement is a statute of limitations, not a jurisdictional rule, and thus a habeas petition should not be dismissed as untimely filed if the petitioner can establish an equitable basis for tolling the limitations period." Jones, 195 F.3d at 159, citing Miller v. New Jersey State Department of Corrections, 145 F.3d 616 (3d Cir. 1998).

"[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his claims diligently; and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). A habeas petitioner may establish grounds for equitable tolling by showing that (a) the government has actively misled the petitioner; (b) the rights in question were timely asserted, but in the wrong forum; or (c) the petitioner has in some extraordinary way been prevented from asserting his

rights." Jones, 195 F.3d at 159.  "In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances for equitable tolling." Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001).  Nor does equitable tolling extend to claims of excusable neglect. Irwin, Dept. Of Veterans' Affairs, 498 U.S. 89, 96 (1990).

Respondent's pending untimeliness argument contends that Petitioner's state sentence became final on June 16, 2012 (thirty days after the Superior Court's May 16, 2012 denial of his direct appeal.  See Doc. 13, ¶ 17.  Since Petitioner acknowledges that he did not seek review from the Pennsylvania Supreme Court, this Court agrees that the § 2244 limitations period began to run as of June 17, 2012.

Petitioner filed a PCRA action on June 17, 2013, just prior to the expiration of the § 2244 limitations period.  The PCRA filing suspended the running of the remainder (one day) of the § 2244 period.  The running of the limitations period was thereafter tolled during the period when Petitioner's subsequent PCRA action was pending before the Pennsylvania state courts, from June 17, 2013 to December 23, 2014.

Based upon those determinations, the one year limitations period ran from June 17, 2012 until June 16, 2013 (all but a single day) and from December 24,

2014 until the filing of this action on May 2, 2015 (approximately 4 months) . Since Alborran's pending federal petition was clearly not initiated within the § 2244(d) one year limitations period, the request for dismissal on the basis of untimeliness will be granted.

An appropriate Order will be entered.

                         BY THE COURT:

                            s/ Matthew W. Brann
                         Matthew W. Brann
                         United States District Judge